STATE, Respondent, vs. MICHAELS, Appellant.

*December 10, 1937—January 11, 1938.*

For the appellant there was a brief by *Otto Bosshard* of La Crosse and *Fred L. Luehring* of Milwaukee, and oral argument by *Mr. Luehring*.

For the respondent there was a brief by the *Attorney General* and *Herbert J. Steffes,* district attorney of Milwaukee county and *Edward J. Yockey,* deputy district attorney, and oral argument by *Charles J. Kersten,* assistant district attorney.

ROSENBERRY, C. J. The title of ch. 147, Stats., is "Treating the Sick." Sec. 147.14 (3) provides:

"No person not possessing a license to practice medicine and surgery, osteopathy, or osteopathy and surgery, under section 147.17, shall use or assume the title 'doctor' or append to his name the words or letters 'doctor,' 'Dr.,' 'specialist,' 'M. D.,' 'D. O.,' or any other title, letters or designation which represents or may tend to represent him as a doctor in any branch of treating the sick."

Upon the trial it was stipulated:

"That defendant H. J. Michaels has been advertising and announcing himself, and in particular did on the 27th day of July, 1936, advertise and announce himself by use of the words and title 'Dr. H. J. Michaels, Chiropractor,' or 'H. J. Michaels, Doctor of Chiropractic.'"

It was further stipulated that the defendant was a licensed chiropractor under the laws of the state of Wisconsin; that he held a diploma from the Ross College of Chiropractic, Fort Wayne, Indiana, declaring him to be a doctor of chiropractic; that the defendant announced himself as aforesaid on signs about his office, and that he advertised in pamphlets and newspapers as aforesaid; that he treated patients by chiropractic adjustments only and fully informed each patient of the method of treatment before giving such adjustments.

The proper motions and exceptions were made in the court below to preserve for consideration here the questions considered. The defendant contends that under the stipulated facts he has committed no offense under the provisions of sec. 147.14 (3), Stats.; (2d) that sub. (3) is unconstitu-

tional and void, (a) because of its vagueness and indefiniteness; (b) that it violates sec. 2, art. IV, and sec. 1, Fourteenth amendment, of the United States constitution; and (c) that the penalty imposed by the court is excessive and in violation of sec. 6, art. I, of the constitution of the state of Wisconsin.

In *Corsten v. Industrial Comm.* (1932) 207 Wis. 147, 149, 240 N. W. 834, 835, the court had some of the provisions of ch. 147, Stats., under consideration in connection with the right of a chiropractor to receive compensation for treatment pursuant to the provisions of the Workmen's Compensation Act (sec. 102.09, Stats. 1927). The court said:

"Under ch. 147 a chiropractor is not a physician, even though he does treat the sick and treat diseases and diagnose. Under that chapter physicians are licensed to practice medicine (sec. 147.17), while chiropractors receive 'a certificate of registration in the basic sciences and a license to practice chiropractic.' Sec. 147.23. But 'no certificate of registration shall be considered equivalent to a license' (to practice medicine). Sec. 147.17. And 'no person not possessing a license to practice medicine and surgery, osteopathy, or osteopathy and surgery, under sec. 147.17 shall use or assume the title 'doctor' or append to his name the words or letters 'doctor,' 'Dr.,' 'specialist,' 'M. D.,' or 'D. O.' Sec. 147.14 (3). Thus these names and letters may be applied only to those who are licensed as physicians to practice medicine and surgery, and conversely those to whom the names and letters may not be applied are not physicians."

The language of the opinion must, of course, be considered in connection with the statute. The statute by its terms relates to the use of the words "Dr.," etc., in connection with "treating the sick." The statute does not forbid the use of the words in other connections, as, for instance, in connection with academic degrees. As construed in the *Corsten Case* the stipulated facts show that the defendant was clearly guilty of violating the provisions of sub. (3).

In determining whether or not the section in question is so vague and indefinite as to be void a consideration of the history of the statute is useful. The use of the title "doctor," except by those practicing medicine or surgery, was first prohibited by ch. 256, Laws of 1881. That chapter and the amendments thereto provided that no person not entitled to testify in a professional capacity or as a physician or surgeon (see sec. 1436, Stats. 1878), and not possessing a diploma to practice, or not being a member of a medical society, could use the title "doctor." In 1897 the legislature enacted ch. 264, Laws of 1897, regulating the practice of medicine, and creating the state board of medical examiners. That act provided (sec. 6) :

"Every person . . . who not having the license aforesaid, shall advertise or hold himself out to the public as a physician or surgeon or specialist in medicine or surgery . . . or who shall use the title of doctor or append to his or her name the letters M. D. or M. B., meaning thereby doctor of medicine [or bachelor of medicine], shall be . . . punished," etc.

The law was revised again by ch. 426, Laws of 1903, which provided (sec. 6) :

"Every person shall be regarded as practicing medicine or osteopathy within the meaning of this act, who shall append to his or her name the letters 'M. D.' or 'M. B.' or 'D. O.,' 'Doctor,' 'Dr.,' or any other letters or designation with intent to represent that he or she is a physician, surgeon, or osteopathist," etc.

There was a proviso relating to dentists and opticians. The section was renumbered in 1923, and its phraseology somewhat changed (sec. 147.02, Stats. 1923). Prior to 1915 chiropractic was not a recognized practice in Wisconsin. In that year the practice of chiropractic was recognized by sec. 1435e, Stats. 1915, which provided:

"Reputable practitioners of chiropractic may practice their profession in this state, provided that they do not represent

themselves to be or hold themselves out as registered or licensed; and provided further, that there is conspicuously displayed in the offices or places where they practice their profession a sign or signs containing the following words in large and legible type: 'Not registered or licensed in Wisconsin.' "

This section remained unchanged until 1925. From a consideration of these various acts of the legislature it is apparent that for more than fifty years the use of the term "doctor" has been restricted in the state of Wisconsin, and the right to the use of the term has become associated with those who were entitled to practice medicine, surgery, or since 1903 osteopathy. The evident purpose of sub. (3) is to prevent imposition upon the general public by the use of that term by those who were not authorized to use it under the statute. The defendant claims that because the degree of doctor of chiropractic has been conferred upon him by some school in Indiana he is entitled to use that term in the state of Wisconsin because it merely represents a statement of fact. When, however, the defendant came to Wisconsin to practice he became subject to all of the laws of the state of Wisconsin which certainly could not be modified by a diploma granted by a school in another state. Considering the history of this statute, its provisions are perfectly plain and unambiguous. In 1925, when an act was passed authorizing the licensing of chiropractic, sub. (3) was rewritten and enacted in its present form (ch. 408, Laws of 1925).

The amendment in 1925 was intended to regulate the practice of chiropractic. The statute was rewritten and revised to make it clear that those practicing chiropractic could not hold themselves out as a doctor or append to their names the title of doctor because, in Wisconsin at least, that would tend to represent them as a doctor authorized to practice medicine, surgery, or osteopathy. It would tend to lead the public to the conclusion that persons so announcing them-

selves were qualified physicians, surgeons, or osteopaths as well as chiropractors. The situation is not aided because as was stipulated the defendant claimed he explained to his patient the nature of his treatment before administering it. The title does not aid him in the treatment, it merely aids him in securing the confidence of prospective patients and in inducing people to apply for treatment. The repeated attempts of the practitioners of chiropractic to have the section in question amended seem to be quite conclusive evidence that its meaning is well understood. It is clear and unambiguous. What is really sought in this case is a judicial amendment of the statute.

Under the doctrine announced in *Piper v. State* (1916), 163 Wis. 604, 158 N. W. 319, the power of the legislature to regulate and define what constitutes the practice of medicine is clear, nor is there anything unreasonable in the provisions of sub. (3). The section in no way impairs the constitutional rights of the defendant.

The defendant contends that the penalty inflicted is excessive. Sec. 147.21, Stats., provides:

"Anyone violating any provision of this chapter shall be fined not less than one hundred nor more than five hundred dollars, or imprisoned not less than sixty days nor more than one year, or both."

The minimum and maximum penalty to be imposed is fixed by statute. The precise amount is left to the discretion of the court imposing the sentence. The penalty imposed being within the provisions prescribed by the legislature, it cannot be said to be unreasonable, nor is there any power in this court to review the extent of the punishment in a criminal case where the trial court has acted in accordance with the statute. *Mueller v. State* (1932), 208 Wis. 550, 243 N. W. 411; *Green Bay Fish Co. v. State* (1925), 186 Wis. 330, 202 N. W. 667.

*By the Court.*—Judgment affirmed.