STATE, Respondent, vs. RICHTER, Appellant.

*June 6—June 21, 1939.*

For the appellant there was a brief by *Darrell MacIntyre,* attorney, and *J. Philip Koberstein* of counsel, both of Madison, and oral argument by *Mr. Koberstein.*

For the respondent there was a brief by *Norris E. Maloney,* district attorney of Dane county, *Henry H. Behnke,* assistant district attorney, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Behnke* and *Mr. Messerschmidt.*

ROSENBERRY, C. J.   A brief statement of the facts is as follows: Somewhere between 7:30 and 8 o'clock on the evening of September 24, 1938, the defendant called for the prosecuting witness at her home in the city of Madison for

the purpose of bringing her to his home to stay with his children while he and his wife went out for the evening with friends. At that time the prosecuting witness was almost fourteen years of age. The prosecuting witness claims that instead of taking her directly to his home he drove into the country where he took indecent liberties and had sexual intercourse with her; that thereafter he drove to his home where his wife was waiting for him, and after acquainting her with her duties, the defendant and his wife left and returned between 12:30 and 1 o'clock in the morning on September 25th; that the defendant took the complaining witness with him, and after leaving a friend and his wife at their home, he drove to her home in front of which he again took liberties with her and again had sexual intercourse with her. The prosecuting witness does not claim that any force was used or any threats were made, although she claims she was frightened. Her own testimony shows that she submitted willingly and co-operated with the defendant. She testifies that the act occurred while she was on the front seat of the automobile. Although there was a light in the window of her home when she returned, which was extinguished before she entered the house, she said nothing to her mother until the next Saturday, October 1st. She had promised to take care of the children on that evening, but told her mother she did not want to because the defendant was too nasty. Inquiries by the mother and thereafter by the father of the prosecuting witness disclosed the story which she told upon the stand.

The defendant testifies that he called for the prosecuting witness; that he drove directly from her home to his home; that when he returned his wife was in the house; that they then left for a party with friends and returned some time after midnight. He denies having had intercourse with the prosecuting witness at any time or having taken any indecent liberties with her at any time.

Upon this appeal the defendant contends that the evidence is insufficient to sustain the verdict and that the court erred in the admission of certain testimony. In view of the fact that the judgment must be reversed for a new trial, we shall comment as little as possible upon the evidence and do no more than to make such suggestions as may avoid error upon another trial.

Upon the trial the district attorney with the evident purpose of establishing the fact that the defendant was an oversexed individual and made abnormal sexual demands upon his wife which she was unable to satisfy, examined the wife in regard to medical advice which she had received, and examined another witness with respect to statements made to her by the wife. The examination of these witnesses was followed by no proof along the line suggested by the questions. It is considered that this was improper and without saying that it would constitute reversible error in a clear case, we call attention to it so that a similar situation may be avoided upon another trial. See *Buel v. State* (1899), 104 Wis. 132, 80 N. W. 78; *Raefeldt v. Koenig* (1913), 152 Wis. 459, 140 N. W. 56. Counsel for the defendant seem to assume that such evidence had it been produced would have been relevant. Because the matter is not suggested or argued in briefs of counsel, we shall not determine the question, but we suggest that the relevancy of such evidence presents a serious question. We make this suggestion to repel any inference that might otherwise arise that the evidence had it been produced would have been relevant.

While the plaintiff testified that she had never had sexual relations with any other man, and that this was the first experience, her conduct was so unnatural and so inconsistent with the ordinary behavior of an innocent female under similar circumstances as to arouse substantial doubts as to its truthfulness. On the other hand, if her statements as to her innocence are untrue and she had had previous sexual experi-

ence, the penalty imposed is extremely severe. The legislature recognized when it fixed the penalty for statutory rape that there might be great variations in the degree of guilt, depending upon the circumstances of each case, the penalty fixed (sec. 340.47, Stats.) being not more than thirty-five years nor less than one year, or by a fine not exceeding $200.

While we hesitate to disturb a sentence imposed by a careful and conscientious trial judge, the record so strongly indicates that an injustice has been done that we are constrained to exercise the power conferred upon us by sec. 251.09, Stats., and reverse the judgment in the interest of justice. While in this state a defendant may be convicted upon uncorroborated testimony of an accomplice, in the circumstances in this case,—there being no outcry, no evidence of the use of force, no tearing or laceration of parts, no complaint within a short time, and no other corroboration,—the testimony of the accomplice should be subjected to very close scrutiny. While the crime of statutory rape is complete although no force is used, the surrounding circumstances do not entirely lose their significance because the female consents and co-operates.

*By the Court.*—The judgment and sentence appealed from is reversed, and the cause remanded with directions to grant the defendant a new trial or to make such disposition of the matter as the trial court may determine.