SPRAGUE, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 21—June 16, 1943.*

*J. E. O'Brien* of Fond du Lac, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, William A. Platz,* assistant attorney general, and *John E. Moore,* district attorney of Winnebago county, and oral argument by *Mr. Platz* and *Mr. Moore.*

FAIRCHILD, J.   The defendant asserts several errors, none of which, however, are sufficiently supported or so affect the proof of guilt as to raise a question as to the correctness of the conviction.   The defense consisted largely of an attack on the credibility of the complaining witness.   The accusation is not confined to complaints or utterances of the girl involved un-supported by corroborative evidence.   And it may not be out of line to suggest that the record indicates in some particulars a greater respect on her part for the solemnity of an oath than it does on the part of defendant.   The assignment based on lack of corroboration of that witness has been considered in connection with our study of all other claims on behalf of defendant and with the rule in mind that the proof must show the defendant's guilt beyond a reasonable doubt.   It is true that defendant denies any act of sexual intercourse with the complainant while she testifies that he did have such inter-

course with her at the time and place charged, but certain incidents carrying strong inferences of guilt are not without corroboration. It is proven that he did engage a room at a hotel and did spend some time with her on the night of the 18th of September, and again on the 19th he gave her money and instructed her to engage a room and then to telephone him. It is proven and he admits that he responded to the telephone call and was with her in the room he had had her secure. There were other circumstances pointing to defendant's guilt disclosed by the testimony of a cabdriver, defendant's own bartender, and employees of the hotel where the act occurred of such convincing nature that there is no reason for questioning the establishment of the fact that defendant was guilty as charged in the information.

In pronouncing sentence the court used the usual terms of an indeterminate sentence, fixing four years as the maximum. Under the statutes regulating sentences this was but a determinate sentence of four years' imprisonment. Sec. 359.05, Stats. A valid judgment was duly made and we find nothing on which to base a ruling for a new trial. The facts that the girl may have appeared to be over the age of consent and her lack of chastity were circumstances properly to be considered by the court in forming its final judgment as to what the sentence should be. *State v. Richter*, 232 Wis. 142, 286 N. W. 533. But the attitude of defendant toward the girl as manifested by his course of conduct and statements made by him of his desires in his relations with her after he had been told of her age were to be considered also. These facts might well have impressed the trial court with defendant's disregard of law. The maximum penalty fixed by the legislature as a punishment for this crime is thirty-five years. The term of imprisonment imposed by the court was four years. The facts presented to the court below warranted the judgment.

One of the objections urged by the defendant is to the ruling of the trial court excluding the record concerning the complaining witness made in the juvenile court. The ruling was in compliance with sec. 48.07 (3), Stats.

No good purpose will be served by further discussion of the assignments of error or review of the testimony.

*By the Court.*—Judgment affirmed.