STATE, Respondent, vs. GARNETT, Appellant.

*September 17—October 12, 1943.*

*F. V. McManamy* and *A. J. Sutherland,* both of Eau Claire, for the appellant.

For the respondent there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and oral

argument by *Mr. Platz* and *Mr. John D. Kaiser,* district attorney of Eau Claire county.

FOWLER, J.    The defendant was found guilty by a jury of the offense of statutory rape, sec. 340.47, Stats., and sentenced by the court to imprisonment in the state's prison for ten years. The statute defines the offense as carnal knowledge by a person over eighteen years of age with a female under that age.   That an act of sexual intercourse by someone with the girl named in the information, hereinafter referred to as "Delores," was manifest at the trial from her advanced state of pregnancy. At the time Delores claimed the defendant had intercourse with her the defendant was thirty-seven and she was fifteen years and ten months old.   A motion for a new trial was made on the grounds of newly discovered evidence and of improper statements made by the district attorney during his argument to the jury.   The newly discovered evidence was that eight days after the trial Delores gave birth to a fully developed child born two hundred twelve days after she claimed the defendant had intercourse with her.   This motion was overruled.   The defendant appealed both from the judgment and the order denying a new trial.

The evidence adduced at the trial supported the verdict. We shall only discuss this question: Should the court have granted the new trial in view of, (1) statements of the district attorney during his argument to the jury duly objected to at the time of their utterance and the inept manner in which the trial judge handled the objections; and (2) the showing that the child was born about sixty-eight days before expiration of the normal period of gestation if the period be computed from the date Delores claimed the defendant had intercourse with her.

(1) The statements complained of were two :

(a) That upon conviction the defendant "could be fined one dollar and costs."   Objection was made by defendant's counsel.

To this the court merely said: "Perhaps you had better not bring up the matter of the punishment to be imposed." The remark should have been properly characterized as highly improper, and the district attorney in some way reprimanded for making it, and the jury instructed that the extent of the punishment was entirely immaterial in determining the question of defendant's guilt. The statement was impliedly directed to the counsel for the defendant as much as to the district attorney and barred him from saying that the punishment could be imprisonment for thirty-five years, which he might properly have said in reply unless the district attorney's statement was somehow sufficiently offset by statements of the trial judge. The judge said in his charge that the offense with which the defendant was charged was a serious one, as it is from a moral and social standpoint, as well as from the standpoint of penalty, but this did not repel the imputation of the district attorney that from the standpoint of punishment it was a trivial thing. The minimum sentence having been told to the jury it should have been met by a statement of the maximum by the trial judge, in view of the objection, and the jury told in substance that the punishment was solely for the judge to determine and they must decide the case according to the evidence regardless of what punishment might be imposed.

(b) The other statement of the district attorney objected to was "that because of this incident [defendant's claimed act of intercourse] she [Delores] is now pregnant with child." Defendant's counsel immediately objected to the remark and coupled with his objection the statement that "That is not in the testimony." The trial judge merely remarked: "The jury will remember the testimony and conclude whether the counsel's remarks are based on the evidence." These statements, that of the district attorney and that of the court, together had a tendency to lead the jury to infer that the fact of pregnancy, which of course was obvious as Delores gave birth to a child eight days after the trial, was evidence tending to show

that the defendant committed the act Delores claimed he committed. The fact of pregnancy was wholly immaterial to that question. It was at most only corroboratory of the claims of Delores so far as it showed that somebody sometime had had sexual intercourse with her. See 1 Wigmore, Evidence (5th ed.), p. 630, sec. 168. The trial judge should have immediately informed the jury that the pregnancy was not evidence that the defendant had committed the act that caused the pregnancy, told them to disregard the district attorney's statement and reprimanded the district attorney for making it.

(2) As above stated, the fact that Delores gave birth to a fully developed child eight days after the trial was the basis of the motion for a new trial on the ground of newly discovered evidence. Obviously this evidence could not have been produced at the trial. The birth occurred two hundred twelve days after Delores claimed the defendant had intercourse with her. The motion was supported by the affidavits of two physicians who examined the child at request of defendant's counsel. One deposed that the child was a fully developed "full-term" child; the other that there "is some evidence which would substantiate slight prematurity but not less than eight months; that the child bears the principal marks of a full-term child except as stated above;" and "that the full and natural term is computed ordinarily at two hundred eighty days." The state produced the affidavit of the attending physician. It gave full and minute particulars of the child's physical condition at birth, and stated that in view of the facts stated it was his opinion that "the child was born prematurely."

The facts stated in these affidavits tended to disprove the claim that the defendant committed the act charged as Delores claimed that the defendant had intercourse with her but once, and also claimed that she never had intercourse with any other person. Sixty-eight days is a long stretch of time. As matter of common knowledge a jury of mature persons knows that the human period of gestation is about nine months. Could the

jury have known that Delores would give birth to a fully developed child in less than seven months from the time she claimed to have had intercourse with the defendant they might well have had reasonable doubt that the defendant committed the act charged, or even might have disbelieved her claim that he committed it.

The facts stated in the affidavits constituted a strong impeachment of the testimony of Delores. By her testimony that no one but defendant ever had intercourse with her and he but at the time she claimed, the act she claimed the defendant committed resulted in her pregnancy, if he committed it. From the fact that a little less than seven months elapsed between defendant's claimed act of intercourse and the facts stated in the doctors' affidavits the jury might well have inferred that the defendant did not cause the pregnancy, but someone else did, and that Delores was not as ignorant of the facts of life and so innocent a child as she claimed to be. A jury may reject the testimony of a strongly impeached witness and return a verdict of not guilty in spite of it with whatever semblance of truth the witness may have given it.

The state urges that the newly discovered evidence is only cumulative and impeaching and that this court has many times held that it will not overthrow the refusal of a trial judge to grant a new trial upon such evidence. As a general rule this is true. But every case must stand on its own facts and we here have an unusual situation. The sentence of ten years' imprisonment was highly excessive if Delores was not as she claimed to be. We realize that this court cannot ordinarily interfere with the sentence of a trial court that is within the limits of the penalty prescribed by statute. But we recently in *State v. Richter,* 232 Wis. 142, 145, 146, 286 N. W. 533, in the interests of justice under sec. 251.09, Stats., granted a new trial because "if her [prosecuting witness'] statements as to her innocence are untrue and she had had previous sexual

experience, the penalty imposed is extremely severe." That case, like the instant case, was one of statutory rape. We pointed out that when the variations in the penalty ranged from imprisonment of from one to thirty-five years or a fine not exceeding $200 the circumstances of the case should be taken into consideration in fixing the penalty. The penalty there imposed was twenty years. Here it is ten years. It is also to be noted that here the statements of the district attorney, left as they were by the trial court, tended to mislead the jury to think the penalty would be slight and that pregnancy might be considered in determining guilt. In view of the entire situation we consider that we should, as in the *Richter Case,* reverse the order of the trial court denying a new trial, and the judgment.

*By the Court.*—The order of the circuit court denying a new trial is reversed, its judgment and sentence vacated, and the record remanded with directions for a new trial. The defendant being in the state's prison pursuant to the sentence of the trial court, the warden of the prison will surrender the defendant to the sheriff of Eau Claire county to be held for a new trial, subject to discharge pending the trial upon the furnishing of bail according to law.