STATE, Respondent, v. TUTTLE, Appellant.

*October 1—October 29, 1963.*

For the appellant there was a brief by *Eisenberg &
Kletzke,* attorneys, and *Edwin A. Star* of counsel, all of
Milwaukee, and oral argument by *Sydney M. Eisenberg.*

For the respondent the cause was argued by *William A.
Platz,* assistant attorney general, with whom on the brief
were *George Thompson,* attorney general, and *Roger P.
Murphy,* district attorney of Waukesha county, and *Cornelius Andringa,* assistant district attorney.

FAIRCHILD, J. Defendant contends (1) that the verdict
was based on speculation or resulted from bias, and (2)
that under the circumstances it was an abuse of discretion
to fine him $150 and costs.

1. *Sufficiency of evidence.* Defendant did not, either before or after verdict, raise in the circuit court the question of
the sufficiency of the evidence to go to the jury. In the absence of a motion to set aside the verdict on that ground, de-

fendant is not entitled to review here.[1] In any event, the evidence amply sustains the verdict. The only testimony was given by the officer. He was in his patrol car on a side road and observed defendant's car traveling east on Highway 30 at a high rate of speed. He pursued defendant for 3.1 miles and then paced him at 75 miles per hour for one-half mile. The testimony was positive. Its weight and credibility were for the jury. It fully supported the guilty verdict. There is nothing to suggest bias or prejudice.

The appeal on this ground is frivolous.

The defendant did not appear at trial, although represented by counsel. No written request appears in the record as required by sec. 957.07, Stats. This proposition was not raised either before the circuit court or us.

2. *Challenge as to size of fine.* The applicable statute provides for a fine not less than $10 nor more than $200, or imprisonment not more than thirty days or both.[2] The $150 fine was within the statutory range and the state contends our review must stop with that proposition.

This court has at times said that it has no power to review a sentence which falls within the range provided by statute.[3] This court has also said it "does not" order a new trial because of severity of sentence nor reduce a sentence in such situation.[4] In two cases this court has given weight to the severity of sentence along with other factors in ordering a new trial in the interests of justice.[5] We have found

---

[1] *Ferry v. State* (1954), 266 Wis. 508, 510, 63 N. W. (2d) 741; *Wells v. Dairyland Mut. Ins. Co.* (1957), 274 Wis. 505, 516, 80 N. W. (2d) 380; *State v. Dunn* (1960), 10 Wis. (2d) 447, 464, 103 N. W. (2d) 36.

[2] Secs. 346.57 (4) (h) and 346.60 (2), Stats.

[3] *State v. Michaels* (1938), 226 Wis. 574, 580, 277 N. W. 157; *Mueller v. State* (1932), 208 Wis. 550, 556, 243 N. W. 411.

[4] *State v. Sullivan* (1942), 241 Wis. 276, 279, 5 N. W. (2d) 798.

[5] *State v. Richter* (1939), 232 Wis. 142, 146, 286 N. W. 533; *State v. Garnett* (1943), 243 Wis. 615, 620, 11 N. W. (2d) 166.

one case where this court appeared to review the propriety of the sentence although it decided the sentence was warranted.[6]

The rule of the common law, still followed in the majority of jurisdictions, appears to be that an appellate court has no power to review a sentence which is within the limits prescribed for the offense.[7] Statements of the general rule, however, often recognize that courts have found exceptions where there was abuse of discretion, manifest injustice or the like.[8] It has been said that there is a trend away from the rule that sentences within statutory limits cannot (or will not) be reviewed.[9]

It seems to us that this question should be treated in terms of strong policy against interference with the discretion of the trial court in passing sentence and not of lack of power to do so. We are very reluctant so to interfere. The trial court has great advantages in considering all relevant fac-

---

[6] *Sprague v. State* (1943), 243 Wis. 456, 458, 10 N. W. (2d) 109.

[7] 9 Wisconsin Law Review (1934), 166, 172, Statute Law: Criminal Law—Power of Appellate Court to Modify Sentences on Appeal; 24B C. J. S., Criminal Law, pp. 311–329, at page 320, sec. 1946; 69 Yale Law Journal (1960), 1453, Appellate Review of Primary Sentencing Decisions: A Connecticut Case Study; 16 Rutgers Law Review (1961), 186, Criminal Procedure—Appealability of a Criminal Sentence—Sentence Modified on Appeal, Comment; 46 Iowa Law Review (1960), 159, Appellate Modification of Excessive Sentence, Comment; 36 University of Detroit Law Journal (1959), 356, Watkins, Appellate Review of the Sentencing Process in Michigan.

[8] 5 Am. Jur. (2d), Appeal and Error, pp. 364, 365, sec. 938; 24A C. J. S., Criminal Law, pp. 754–757, sec. 1878; Anno. Reduction by appellate court of punishment imposed by trial court, 29 A. L. R. 313–342 (1924); Anno. Reduction by appellate court of punishment imposed by trial court, 89 A. L. R. 295–333 (1934).

[9] 16 Rutgers Law Review (1961), 186, Criminal Procedure—Appealability of a Criminal Sentence—Sentence Modified on Appeal, Comment; 10 De Paul Law Review (1960), 104, Review of Legal but Excessive Sentences in the Federal Courts, Comment. See *United States v. Wiley* (7th Cir. 1960), 278 Fed. (2d) 500.

tors, including the opportunity to observe the defendant, which it always has in felony cases and ordinarily in other cases.

This court, however, has statutory power to reverse and to direct the entry of a proper judgment when it appears from the record that it is probable that justice has for any reason miscarried.[10] We consider that we have the power to review sentences to determine whether an abuse of discretion clearly appears, and to remand for resentencing or to modify a sentence. We withdraw all past statements indicating that the court lacks power to do so, although it will be a rare case where the power will be used.

Defendant's offense was driving 75 miles per hour where 65 miles per hour was the greatest lawful speed. Without minimizing the importance of enforcement of speed limits, it can be said that the circumstances surrounding the offense did not make it an aggravated one. It occurred at 3:30 on a clear, dry Tuesday afternoon. There were two lanes for vehicles traveling in the same direction as defendant and traffic was light. Defendant stopped promptly upon signal from the officer. The officer described defendant's responses as very courteous. He told the officer he had not been watching his speedometer.

Apparently defendant had no record of traffic or other offenses, nor was there other information about his character or attitude to show that a relatively heavy fine would be needed to cause him to respect the law. The court had no opportunity to observe him.

Violations of the speed statute vary widely in nature and seriousness. The range of penalty was doubtless provided so that the court might roughly grade the penalty according to the circumstances of the offense. The type of conduct involved here would clearly call for a fine in the lower portion of the range, in the absence of some reason for deeming that

---

[10] Sec. 251.09, Stats.

in order to accomplish the legitimate purpose of punishment one individual would require a sterner penalty than another.

The court expressed no reason for choosing to impose a fine near the top of the range on this defendant. The record shows, however, that Judge GRAMLING considered there had been dilatory tactics. The case came before the county court March 13th, a month after the offense. Through one of his counsel, Mr. Murphy, defendant pleaded not guilty and requested trial by a jury of 12. The case was transferred to circuit court and set for April 3d. On April 1st, Mr. Murphy called to say that Mr. Eisenberg was to try the case and was involved in another trial. The matter was adjourned to April 9th. Mr. Murphy unsuccessfully tried to reach Judge GRAMLING on the evening of April 8th. When the case was called on April 9th, Mr. Murphy asked to waive jury trial, thinking that an adjournment would then be more readily granted because Mr. Eisenberg was engaged in a trial in Milwaukee. No adjournment was granted. When Mr. Murphy had been unable to talk with the judge the evening before, he had telephoned defendant, who lives in Illinois, but defendant could not be present until afternoon.

Judge GRAMLING was entirely justified in feeling that insufficient consideration was being shown the court. Whether the original demand for a jury was in good faith or not, counsel should have been prepared to proceed with trial on the adjourned date. Instead, they sought a second adjournment the evening before the trial, too late to have their client present when unsuccessful in obtaining it. At best, defendant's counsel were inconsiderate, at worst contemptuous.

We conclude, however, that it was inappropriate to increase defendant's fine substantially beyond what would otherwise have been imposed because of the unsatisfactory conduct of his counsel. Other means are at hand for disciplining attorneys.

It is claimed that one who is willing to stipulate his guilt of driving 75 miles per hour where the limit is 65 can dispose of the charge in Waukesha county by paying a fine of $10 and costs of $3. Whether or not this be true, it does not follow, as claimed by defendant's counsel, that he is entitled to be fined no more than the $10 minimum. Defendant had the right to contest the charge, but having done so he is in no position to claim leniency because of confession and repentance.

Under the facts of this case we say only that the fine must fall somewhere in the lower portion of the prescribed range, and the conduct of counsel is not an appropriate consideration for increasing it. We have decided to send the matter back to the circuit court rather than to determine here the appropriate fine which would be within the bounds of discretion.

*By the Court.*—Insofar as the judgment determines guilt, it is affirmed. Insofar as it imposes sentence, it is reversed and cause remanded for resentencing.