HALL, Plaintiff in error, v. STATE, Defendant in error.
[Two cases.]

*Nos. State 139, 140. Argued May 9, 1969.—Decided June 3, 1969.*
(Also reported in 168 N. W. 2d 205.)

For the plaintiff in error there was a brief and oral argument by *Nathaniel D. Rothstein* of Milwaukee.

For the defendant in error the cause was argued by *Terence T. Evans,* assistant district attorney of Milwaukee county, with whom on the brief were *Robert W. Warren,* attorney general, and *E. Michael McCann,* district attorney.

ROBERT W. HANSEN, J. Able and experienced trial counsel argues on appeal, as he did in the trial court, that the defendant acted in self-defense in stabbing her husband. There is evidence in the record, particularly the testimony of the defendant herself, to support this interpretation of what happened. She testified:

. . . that the deceased had hit and struck her on previous occasions;

. . . that the deceased had accused her of associating with other men and threatened to kill her because of such asserted associating;

. . . that she had left the home of the parties because of acts of the deceased;

. . . that the deceased had a steel rod in his hand at the time of the fatal stabbing;

. . . that the deceased was attempting to get at the defendant when she ran to the kitchen to get a knife to defend herself;

. . . that the deceased had raised the rod above his shoulder and thrust the same at her when she swung at him with the knife, inflicting the fatal blow.

This testimony, if believed by the trier of fact, would warrant a finding that the defendant acted in self-defense, using force under circumstances which led her reasonably to believe that such force was necessary to prevent imminent death or great bodily harm to herself.

However, this is not the only inference that can be drawn from this record. There is evidence, particularly the testimony of persons other than the defendant present at the time of the stabbing, that supports the conclusion that the defendant did not act in self-defense. Such evidence, if believed by the trier of fact, would establish:

. . . that an argument between deceased and defendant preceded the fatal act;

. . . that defendant left the dining room cursing and walked to the kitchen pantry and picked up a butcher knife with an eight-inch blade and returned with it to the dining room;

. . . that, once defendant had the knife, she told deceased to kiss a certain portion of her anatomy and referred to him in markedly unflattering terms;

. . . that the deceased did not raise the rod or stick he held and that he did not strike the defendant immediately prior to the stabbing;

. . . that the defendant moved toward the deceased, closed her eyes and swung the knife at him, inflicting the fatal injury.

Such testimony, if believed by the trier of fact, is firm basis for the trial court's concluding that the defendant did not act in self-defense and did not act on a reasonable belief on her part that she faced imminent

death or great bodily harm. There is in this record sufficient credible evidence from which the trial court could, as it did, conclude that the defendant committed the crime of murder in the second degree. The test is not whether this court is convinced of guilt beyond a reasonable doubt, but whether the trier of fact, acting reasonably, could be so convinced. Where the only issue on review of a criminal conviction is sufficiency of evidence, the only question for this court to answer is whether the evidence adduced, believed and rationally considered by the trier of fact, was sufficient to prove the defendant's guilt beyond a reasonable doubt. That question we answer in the affirmative.

*By the Court.*—Judgment and order affirmed.