DAY, Plaintiff in error, v. STATE, Defendant in error.

*No. State 88. Argued September 12, 1972.—Decided October 3, 1972.*
(Also reported in 201 N. W. 2d 42.)

_____

For the plaintiff in error there was a brief and oral argument by *Anthony K. Karpowitz,* Legal Aid Society of Milwaukee.

For the defendant in error the cause was argued by *Thomas J. Balistreri,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

ROBERT W. HANSEN, J. The challenge is to both conviction and sentence on the charge of second-degree murder.[1]

On the conviction, defendant claims the trial court erred in not submitting manslaughter to the jury. Sec. 940.05 (2), Stats., provides:

"**Manslaughter.** Whoever causes the death of another human being under any of the following circumstances may be imprisoned not more than 10 years:
" (2) Unnecessarily, in the exercise of his privilege of self-defense or defense of others or the privilege to prevent or terminate the commission of a felony;"

The test or standard for determining when lesser degrees of homicide than that charged are to be submitted to the jury has been clearly stated to be:

"To justify submitting lesser degrees of homicide than that charged in the information, there must be a reasonable ground in the evidence for acquittal on the greater charge and for conviction on the lesser charge. . . ."[2]

" 'The key word in the rule is "reasonable." The rule does not suggest some near automatic inclusion of all lesser but included offenses as additional options to a jury. Only if "under a different, but reasonable view," the evidence is sufficient to establish guilt of the lower degree and also leave a reasonable doubt as to some particular element included in the higher degree but not the lower, should the lesser crime also be submitted to the jury. . . .' "[3]

---

[1] Sec. 940.02, Stats., provides: "**Second-degree murder.** Whoever causes the death of another human being by conduct imminently dangerous to another and evincing a depraved mind, regardless of human life, may be imprisoned not less than 5 nor more than 25 years."

[2] *State v. Anderson* (1971), 51 Wis. 2d 557, 560, 187 N. W. 2d 335.

[3] *Id.* at page 561 citing *State v. Bergenthal* (1970), 47 Wis. 2d 668, 675, 178 N. W. 2d 16.

Applying that test to this case, the requested instruction and submission of manslaughter would be proper only if, under some reasonable view, the evidence was sufficient to establish guilt of causing the death of another in the exercise of self-defense. The record must make reasonable a conclusion that the defendant here killed ". . . believing that his act was necessary in self-defense but his belief was unreasonable under the circumstances. . . ." [4]

In this case the record does not establish that, at the time of the stabbing, the defendant believed "that his act was necessary in self-defense." [5] There is no evidence at all that the defendant believed his act of stabbing his wife to be necessary for his self-defense. To the contrary, the defendant expressly stated that the stabbing was an accident and that he did not intend to do it.

Where there is no evidence that the defendant believed his act was necessary for self-defense, we do not reach the question of whether such belief could be found to be reasonable. In the case relied upon by defendant, the trial court was dealing with defendant's assertion there that her acts were in self-defense.[6] To establish self-defense a person must establish not only that he in fact believed that he was in imminent danger of death or great bodily harm, but also that such belief was reasonable.[7] In *Hall,* this court concluded there was evidence that could support a finding of self-defense. But that case turned on the question of the reasonableness of the force used by a person who believed that his act was required in self-defense. Here reasonableness is not

---

[4] Wis J I—Criminal, Part II, 1140, *Manslaughter: Causing Death of Another Unnecessarily in the Exercise of Self-Defense,* approved as a correct statement of the law in *Mitchell v. State* (1970), 47 Wis. 2d 695, 702, 703, 177 N. W. 2d 833.

[5] *Id.* at page 702.

[6] *Hall v. State* (1969), 43 Wis. 2d 95, 168 N. W. 2d 205.

[7] Sec. 939.48 (1), Stats.

an issue. The only question is, Did the defendant believe his act was required in self-defense? His own testimony expressly negatives such a conclusion.[8]

We find no error in the trial court's refusal to instruct the jury on unnecessarily causing death in the exercise of the privilege of self-defense. The conviction is affirmed.

As to the sentence imposed, the defendant contends that the sentence of not less than five and not more that twenty-five years was excessive and an abuse of discretion.

In this state trial courts are required to state the reasons for imposing a particular sentence.[9] Where a sentence is challenged as excessive, this court has stated that it would review the trial court's reasoning to determine if sentencing discretion was exercised on the basis of proper and relevant factors.[10] If abuse of discretion is found, the record will be searched to determine whether in the exercise of proper discretion the sentence imposed can be sustained.[11]

In imposing the five-to-twenty-five-year sentence, the maximum under the statute, the trial judge set forth these reasons:

---

[8] In *Thomas v. State* (1972), 53 Wis. 2d 483, 488, 192 N. W. 2d 864, upholding conviction in an appeal involving self-defense instructions requested and denied, this court said: ". . . Thomas' own testimony does not sustain self- or third-party defense. He stated he cocked the gun and it went off 'someway.' He stated repeatedly he did not try to kill Chiaverotti and did not fire intentionally. One exercising the privilege of self-defense intends to use force or to threaten force against another for the purpose of self-defense. Thomas' testimony, rather than sustaining his self-defense argument, sounds more like a defense of an unintentional or accidental shooting."

[9] *McCleary v. State* (1971), 49 Wis. 2d 263, 281, 182 N. W. 2d 512.

[10] *Id.* at pages 273, 274.

[11] *Id.* at page 282.

*Nature of offense:* "Yes, this is a repetition of the same old story . . . where people have knives and they use them in anger, unjustifiably, and people die, who have every right to live."

*Aggravated breach:* "This could have been a verdict on either charge. . . .
". . . this offense as against murder in the first degree, of which the jury might have well convicted him under the facts. . . ."

*Parole eligibility:* ". . . The defendant will be eligible for parole after two years."

*Pattern of conduct:* Additionally, the trial judge had before him the defendant's pattern of past conduct involving weapons. The defendant had previously been convicted twice for carrying concealed weapons contrary to sec. 941.23, Stats. The record also supports finding that the defendant, on a previous occasion, in an argument with his wife, pulled a knife from his pocket and threatened or attempted to cut her with it.

In *McCleary,* the majority opinion quoted with approval the comment, "a good sentence is one which can be reasonably explained." [12] Given the gravity of this offense, the aggravated nature of the breach of the statute, and the pattern of conduct evidenced by defendant's prior convictions on charges involving weapons, we find no abuse of discretion in the sentence imposed. What has been termed by this court a ". . . strong policy against interference with the discretion of the trial court in passing sentence . . ." [13] reinforces allowing the sentence to stand. As this court said in *McCleary,* ". . . It

---

[12] Judge LUTHER YOUNGDAHL, in *Remarks Opening the Sentencing Institute Program,* Denver, Colorado, 35 F. R. D. 387, 388 (1964), quoted with approval in *McCleary v. State, supra,* at page 282.

[13] *State v. Tuttle* (1963), 21 Wis. 2d 147, 124 N. W. 2d 9, quoted with approval in *Riley v. State* (1970), 47 Wis. 2d 801, 802, 177 N. W. 2d 838.

is not only our duty not to interfere with the discretion of the trial judge, but it is, in addition, our duty to affirm the sentence on appeal if from the facts of record it is sustainable as a proper discretionary act." [14] The sentence here is held to be such a proper discretionary act.

*By the Court.*—Judgment and order affirmed.

[14] *McCleary v. State, supra,* at page 282.