McALLISTER, Plaintiff in error, v. STATE, Defendant in error.

*No. 75-286-CR. Submitted on briefs October 7, 1976.—Decided November 3, 1976.*
(Also reported in 246 N. W. 2d 511.)

248

For the plaintiff in error the cause was submitted on the brief of *Howard B. Eisenberg,* state public defender, and *Alvin E. Whitaker,* assistant state public defender.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Marguerite M. Moeller,* assistant attorney general.

HANLEY, J. Five issues are presented on this appeal:

1. Did the trial court err in refusing to admit hospital records showing the deceased had previously stabbed his wife?

2. Did prejudicial error arise through improper cross examination of the defendant?

3. Did the trial court err when it refused to give the defendant's requested instruction on self-defense?

4. Was it error to submit the verdict of second-degree murder to the jury?

5. Should the defendant be granted a new trial in the interest of justice?

*Prior Acts of Violence*

The defendant testified that he had knowledge through a newspaper account of an incident in which the deceased had stabbed his wife in the hand with a fork. Defense witness Curtis McCallum testified he had accompanied Hill and his wife to the hospital on the night of the stabbing, and other testimony was admitted concerning a threat with a knife made by the deceased against one James Reiner.

The defense attempted to introduce hospital records which evidenced Hill's wife's visit to the hospital for treatment of the stab wound, but these records were ruled inadmissible by the trial court for the reason that the defendant could not have known the content of the

records. Defendant contends it was error to exclude these records.

This court has recently clarified the rule in Wisconsin as to the admissibility of evidence of prior specific acts of violent behavior of the victim of an assault or homicide where self-defense is in issue. In *McMorris v. State*, 58 Wis.2d 144, 205 N.W.2d 559 (1973), this court held:

"When the issue of self-defense is raised in a prosecution for assault or homicide and there is a factual basis to support such defense, the defendant may, in support of the defense, establish what the defendant believed to be the turbulent and violent character of the victim by proving prior specific instances of violence within his knowledge at the time of the incident." *Id.* at 152, 205 N.W.2d at 563.

In *Werner v. State*, 66 Wis.2d 736, 226 N.W.2d 402 (1975), the court made it clear that the *McMorris* case was concerned solely with conduct evidence within the defendant's knowledge which sheds light on the defendant's mental state. There the court held that testimony of specific instances of violent conduct on the part of a homicide victim by witnesses other than the defendant who alleges self-defense is inadmissible to prove that the victim acted in conformity with that conduct. *Werner, supra* at 744–45, 226 N.W.2d at 405.

An important aspect of the *Werner* case, however, was that the defendant did not testify as to his knowledge of any prior specific instances of the victim's violent conduct. Thus, *Werner* does not require the exclusion of all evidence other than the defendant's testimony as to prior specific acts of violence by the victim, but reiterates the rule that only evidence as to specific acts of which the defendant had knowledge is admissible. A defendant should not be limited merely to his own assertion that he had knowledge of particular violent acts, but should be allowed to produce supporting evidence to prove the reality of the particular acts of which he claims knowl-

edge, thereby proving reasonableness of his knowledge and apprehension and the credibility of his assertion. Thus, the hospital records evidencing this particular act are not always inadmissible. Under *McMorris*, however, the admissibility is placed within the discretion of the trial court.

■ Here the defendant testified that he had knowledge of a prior specific instance of violent conduct by the deceased. The hospital records were offered into evidence to prove the actuality of that specific instance. We think the trial court did not abuse its discretion in excluding the hospital records.

Curtis McCallum had already testified as to the actuality of the occurrence, stating he took Hill's wife to the hospital for treatment of the stab wound. The trial court further noted that defendant could have no knowledge of the content of the hospital records. Thus, his state of mind could not have been affected by them.

The accumulation of evidence as to a particular violent act of the victim, which is within the knowledge of the defendant who alleges self-defense may go beyond the legitimate purpose of establishing what the defendant believed to be the violent character of the victim and reach the point where it is only offered to prove the victim acted in conformity with the prior violent behavior. It is the duty of the trial judge to exercise discretion in excluding evidence which is offered in such a manner, and the trial judge in this case properly did so.

*Prosecutorial Misconduct*

Defendant contends that certain questions asked defendant by the prosecutor constituted misconduct so prejudicial as to require a new trial. On cross examination the prosecutor asked the defendant three or four times if he had had an altercation with the victim about three weeks prior to the shooting. Defendant denied any such incident. No evidence was presented by the state

relating to the alleged incident, but at the hearing on post conviction motions the prosecutor pointed out that no evidence was offered as to this matter because a subpoenaed witness had refused to testify for the reason that her children were being harassed at school. An offer of proof was made at trial as to why this person would not testify, but it is not clear from the record that this witness would have testified as to the alleged altercation.

 The defendant, nevertheless, failed to reserve this question of prosecutorial misconduct by neither objecting nor moving for a mistrial at the time the questions were asked or at the conclusion of the trial when it became apparent that no evidence of any prior altercation would be produced. Not until nine months later, upon post conviction motions, did the defense raise this objection. By failing to interpose a timely objection, defendant waived his right to assert prejudice later. *Sanders v. State*, 69 Wis.2d 242, 263, 230 N.W.2d 845, 857 (1975); *Watson v. State*, 64 Wis.2d 264, 279, 219 N.W.2d 398, 406 (1974).

*Self-Defense Instruction*

Defendant claims that the trial court failed to properly instruct the jury as to the theory of self-defense. The trial court gave the uniform instruction on self-defense, Wisconsin Jury Instructions—Criminal, Part I, 805. The defendant argues, however, that the court should have given defendant's requested instruction, which is absent from the record, but which apparently would have incorporated three facts adduced at trial. Defendant's requested instruction would have advised the jury that they could take into consideration in weighing the reasonableness of the defendant's acts the following: (1) the victim's violent and dangerous character; (2) the victim's degree of intoxication; and (3) the fact that the

defendant's illegal possession of the gun did not diminish his right to use force.

The instruction given by the trial court as to the theory of self-defense has been approved by this court. *State v. Kanzelberger*, 28 Wis.2d 652, 660, 137 N.W.2d 419, 423 (1965), *cert. denied*, 385 U.S. 867.

■ On review the charge to the jury is to be considered as a whole. *State v. Davidson*, 44 Wis.2d 177, 190, 170 N.W.2d 755, 762 (1969). The record indicates the trial judge gave specific instructions regarding the intoxication of the victim and his reputation for violence.

■ The trial judge believed that what appears to be the language of the defendant's requested instruction would simply have resulted in a spotlighting of testimony favorable to the defendant. We agree with the trial court's analysis.

The various authorities cited by defendant stating that instructions need to be tailored to the needs of the particular case do not require the notation of particular facts throughout the instruction as to the legal theory of defense. We are satisfied that the instructions in this case allowed the jury to properly evaluate the circumstances relating to the defense of self-defense.

## Second-Degree Murder Verdict

Defendant contends that the trial judge improperly included the verdict of second-degree murder under sec. 940.02, Stats., to the jury, and thus created the strong probability that the jury compromised its verdict.

■ ■ To justify the submission of a lesser offense to the jury there must be a reasonable ground in the evidence for acquittal on the greater charge and for conviction on the lesser charge. *Jones v. State*, 70 Wis.2d 41, 48, 233 N.W.2d 430, 434 (1975). The difference between the crimes of first-degree and second-degree murder is "the absence of the design to effect death." *State*

*v. Parker,* 55 Wis.2d 131, 141, 197 N.W.2d 742, 747 (1972). Thus, the question is whether there is a reasonable ground upon which the jury could have found that the defendant did not intend to kill Armicker Hill.

The trial judge based the submission of the second-degree murder verdict upon certain testimony of the defendant. The defendant testified on three occasions that he didn't aim the gun; he just started shooting. He stated it was more of an accident than an intentional shooting, because he just wanted to scare or stop Hill. The defense contends, however, that the evidence of intent is so overwhelming that the defendant's testimony could not raise a reasonable doubt as to the existence of that intent. We find no merit to this contention.

The evidence that the defendant lacked intent in this case is sufficient to justify the submission of a second-degree murder verdict. This shooting resulted from a dispute over a parking incident, not during a robbery. The defendant testified that he originally asked the victim to just forget the incident and told him he was sorry. The defendant more than once stated he didn't aim the gun and the death could be considered accidental. We hold that the defendant's testimony and the circumstances of the incident are enough to justify the submission of a verdict of second-degree murder.

*Interest of Justice*

It is contended a new trial should be granted in the interest of justice, but we have said time and again this court may not grant a new trial in the interest of justice unless it is at least convinced that the defendant should not have been found guilty. *Collings v. Phillips,* 54 Wis.2d 204, 211, 194 N.W.2d 677, 681 (1972); *Lock v. State,* 31 Wis.2d 110, 118, 142 N.W.2d 183, 187 (1966). No miscarriage of justice appears to have prob-

ably occurred in this case. The defendant was fairly tried and convicted of the offense of manslaughter.

*By the Court.*—Judgment and order affirmed.