STATE, Respondent, v. JOHNNIES, Appellant.

*No. 75–726–CR. Submitted on briefs February 28, 1977.—
Decided March 29, 1977.*
(Also reported in 251 N. W. 2d 807.)

For the appellant the cause was submitted on the brief of *John D. Murray* of Milwaukee.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Lowell E. Nass,* assistant attorney general.

HANLEY, J. Four issues are presented on appeal:

1. Should the trial court have instructed the jury upon the crime of manslaughter?

2. Did the trial court commit reversible error in its instruction to the jury upon the defense of intoxication?

3. Was the evidence sufficient to sustain the verdict?

4. Should the defendant be granted a new trial in the interest of justice?

*Manslaughter*

The defendant contends it was error to deny an instruction upon the crime of manslaughter proscribed by sec. 940.05(2) which provides:

"Whoever causes the death of another human being under any of the following circumstances may be imprisoned not more than 10 years:
"...

"(2) Unnecessarily, in the exercise of his privilege of self-defense. . . ."

To justify the submission of a lesser degree of homicide to the jury there must be a reasonable ground in the evidence for acquittal on the greater charge and for conviction on the lesser charge. *McAllister v. State,* 74 Wis.2d 246, 253, 246 N.W.2d 511 (1976).

Therefore, the submission of an instruction on manslaughter would have been proper only if under some reasonable view, the evidence was sufficient to establish that the defendant shot the deceased believing her use of force was necessary in self-defense, but that her belief was unreasonable under the circumstances. *Bedford v. State,* 65 Wis.2d 357, 364, 222 N.W.2d 658, 661 (1974).

Neither version of the circumstances in this case supports a conclusion that the defendant shot the deceased believing her use of force was necessary in the exercise

of self-defense. The evidence presented by the prosecution, testimony of the deceased's father-in-law and of the arresting officer, tends to show the defendant simply shot the deceased while under no threat of harm. The arresting officer testified that she told him the deceased was not advancing toward her and she did not fear for her life.

Defense counsel argues that a reasonable view of the defendant's testimony establishes that she fired the gun in the belief that such was necessary in self-defense. Defendant's version of the circumstances under which the gun discharged does not show that she sought to exercise the privilege of self-defense. The defendant testified that the gun fired because they were struggling over it, that she did not point the gun at the deceased, that she could not remember pulling the trigger, and that she had no idea the gun would ever be fired. A person exercising the privilege of self-defense intends to use force or threaten force against another for the purpose of self-defense. *Thomas v. State,* 53 Wis.2d 483, 488, 192 N.W.2d 864, 867 (1972). As in *Thomas,* the defendant's testimony, rather than supporting her argument of self-defense, tends to show the firing of the gun was unintentional or accidental. The defendant's testimony cannot, under any reasonable view, establish that she shot the defendant believing that use of force was necessary in self-defense. The trial court, therefore, properly refused to instruct the jury on manslaughter by unnecessarily causing death in the exercise of the privilege of self-defense.

Since the evidence cannot reasonably establish that when the defendant shot the deceased she did so believing it was necessary in self-defense, it is also apparent that the evidence thus could not raise the complete defense of

self-defense. This is because the belief that the use of force is necessary is an element of self-defense, as it is in manslaughter. The trial court, however, did instruct on self-defense. To do so was inconsistent with refusing to instruct on manslaughter, and since the evidence did not reasonably require an instruction on self-defense, that instruction should not have been given. *State v. Amundson,* 69 Wis.2d 554, 564, 230 N.W.2d 775, 781 (1975). The instruction, however, could not have prejudiced the defendant.

*Intoxication Instruction*

The defendant contends the trial court committed error in instructing the jury on the defense of intoxication. She objects to the trial court's modification of the standard intoxication instruction, Wis. J.I.—Criminal 765, by inserting the following language of this court's opinion in *State v. Guiden,* 46 Wis.2d 328, 331, 174 N.W. 2d 488, 490 (1970) :

"The intoxicated condition to which the statute refers is not the condition of alcohol-induced incandescence or being well-lit that lowers the threshold of inhibitions or stirs the impulse to criminal adventures. It is that degree of complete drunkenness which makes a person incapable of forming intent to perform an act or commit a crime. To be relieved from responsibility for criminal acts it is not enough for a defendant to establish that she was under the influence of intoxicating beverages. She must establish that degree of intoxication that means she was utterly incapable of forming the intent requisite to the commission of the crime charged."

The defendant specifically claims that this language places emphasis upon the words "completely drunk" and thus requires the jury to find the defendant was not merely incapable of forming intent due to his condition, which is all that is required under sec. 939.42(2), Stats., but was incapacitated.

We think that the language objected to in this case is not an incorrect statement of law and is not of such a nature as to mislead or confuse the jury. This language in the first place describes the "intoxicated condition to which the statute refers," and therefore is not bound solely to the facts of the case from which it was extracted. In objecting to the particular phrase "complete drunkenness," the defendant has isolated it from the conditioning language immediately following. Thus, the phrase is more accurately quoted as "complete drunkenness which makes a person incapable of forming intent to perform an act or commit a crime." Thus, in the context of the instruction as a whole, these two words are not misleading. Considered in its entirety the excerpt included by the trial court conveys the point that the condition necessary to establish the defense of intoxication is not merely the condition of being under the influence of intoxicants, but something more. The trial court's insertion of this excerpt is no ground for reversal.

*Sufficiency of the Evidence*

The defendant claims the evidence was insufficient to establish beyond a reasonable doubt that the defendant intended to kill the deceased and was therefore insufficient to sustain the conviction. The test applied by this court to determine whether the state has met its burden of proof is stated in *Bautista v. State,* 53 Wis.2d 218, 223, 191 N.W.2d 725, 727–28 (1971):

"The test is not whether this court or any of the members thereof are convinced beyond reasonable doubt, but whether this court can conclude the trier of facts could, acting reasonably, be so convinced by evidence it had a right to believe and accept as true. . . . The credibility of the witnesses and the weight of the evidence is for the trier of fact. In reviewing the evidence to chal-

lenge a finding of fact, we view the evidence in the light most favorable to the finding. Reasonable inferences drawn from the evidence can support a finding of fact and, if more than one reasonable inference can be drawn from the evidence, the inference which supports the finding is the one that must be adopted."

The evidence in this case, viewed in a light most favorable to the finding of conviction, establishes that the defendant pointed her gun at the deceased, who was a few feet away from her, and fired, striking him in the chest. At the time the gun was discharged, the deceased was not moving toward the defendant, and she did not fear for her life.

The defendant contends that the only evidence as to her intent was the statement she made to the arresting officer and her testimony at trial that she did not intend to kill the deceased. This contention ignores the evidence that she shot the deceased in the chest, at close range, which raises a presumption of intent to kill, for it is presumed one intends the natural consequences of her acts. *Garcia v. State*, 73 Wis.2d 174, 183, 242 N.W.2d 919, 923 (1976). No other evidence necessarily, as a matter of law, raised a reasonable doubt which rebuts this presumption, and therefore this evidence is sufficient to support the finding of intent and the conviction of first-degree murder.

*Interest of Justice*

The defendant requests this court to grant a new trial in the interest of justice pursuant to sec. 251.09, Stats. This court has stated:

"In order to grant a new trial in the interest of justice under sec. 251.09, Stats., this court must be convinced, viewing the record as a whole, that there has been a

probable miscarriage of justice or that a new trial would lead to a different result." *Rohl v. State,* 65 Wis.2d 683, 703, 223 N.W.2d 567 (1974).

A review of the record dispels any contention that a miscarriage of justice has occurred or that a new trial would lead to a different result in this case. Therefore, the court's discretionary reversal is not warranted.

*By the Court.*—Order affirmed.