**COURT OF APPEALS
DECISION
DATED AND FILED**

**March 9, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing.  If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.  *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2019AP1046-CR**

**STATE OF WISCONSIN**

Cir. Ct. No.  2015CF5306

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

        PLAINTIFF-RESPONDENT,

  V.

THEOPHILOUS RUFFIN,

        DEFENDANT-APPELLANT.

      APPEAL from a judgment and an order of the circuit court for Milwaukee County:  M. JOSEPH DONALD, Judge.  *Order affirmed in part; reversed in part and cause remanded.*

      Before Brash, P.J., Dugan and White, JJ.

¶1 DUGAN, J. Theophilous Ruffin appeals a judgment of conviction and an order from the trial court denying his motion for postconviction relief.[1] Ruffin argues that he is entitled to a new trial on the grounds of trial court error, ineffective assistance of trial counsel, and in the interest of justice. He argues that the trial court erred in erroneously instructing the jury on the sexual assault charge and in refusing to give an accident instruction for the sexual assault charge. He also argues that trial counsel was ineffective for failing to object to the erroneous sexual assault instruction and failing to provide the trial court with authority for giving an accident instruction for the sexual assault charge. In the alternative, Ruffin argues he is entitled to a new trial in the interest of justice "due to the error in the substantive jury instruction regarding the sexual assault charge and the detrimental affect [sic] it had on his defense." We affirm the trial court's denial of Ruffin's postconviction motion on these grounds.

¶2 However, we reverse the trial court's denial of Ruffin's motion on the basis that Ruffin's trial counsel was ineffective for withdrawing a request for a jury instruction on self defense, and we remand for the trial court to hold a *Machner*[2] hearing on that issue.

## BACKGROUND

¶3 Ruffin's case arises out of a physical altercation from November 2015 in which he fought with V.P., his pregnant girlfriend and mother of his six-month-old child. According to the criminal complaint, Ruffin "ramm[ed] his

---

[1] While the appellant appeals from both a judgment and an order, we address only the order for the reasons set forth in the opinion.

[2] *State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

bladed hand" repeatedly into V.P.'s clothed vulvar area[3] in the course of the altercation. The complaint alleged that V.P. experienced searing pain and noticed a great deal of blood between her legs and that she feared that she was miscarrying and called her mother for help. It further alleges that when V.P.'s mother arrived, she helped V.P. put on clean clothes and took V.P. to the hospital," where "VP required 28 stitches to reattach her labia, which had been torn almost completely off by [Ruffin's] pulling action."

¶4    Ruffin was arrested and charged with two counts: second-degree sexual assault and mayhem, both as acts of domestic abuse. The complaint and information, on which the State proceeded to trial, charged Ruffin with one count of second-degree sexual assault and alleged that he had "sexual intercourse with [V.P.], without the consent of that person and caused injury," contrary to WIS. STAT. § 940.225(2)(b) (2017-18).[4] For the mayhem count, the complaint and information alleged that Ruffin, "with the intent to disfigure [V.P.], did mutilate the labia of that person," contrary to WIS. STAT. § 940.21.

¶5    In its pretrial submissions almost nine months before the trial, the State requested WIS JI—CRIMINAL 1208 in relation to the second-degree sexual assault charge. This instruction sets forth the elements of second-degree sexual

---

[3] V.P. testified that she was wearing loose fitting jogging pants and underwear at the time of the assault.

[4] WISCONSIN STAT. § 940.225(2)(b) sets forth that whoever "[h]as sexual contact or sexual intercourse with another person without consent of that person and causes injury, illness, disease or impairment of a sexual or reproductive organ, or mental anguish requiring psychiatric care for the victim" commits second-degree sexual assault, a Class C felony.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

assault, sexual intercourse without consent by "use or threat of force or violence" and mirrors the language in WIS. STAT. § 940.225(2)(a). The State did not request WIS JI—CRIMINAL 1209, which describes the elements of second-degree sexual assault, sexual intercourse without consent causing injury, illness, disease or impairment of a sexual or reproductive organ, or mental anguish requiring psychiatric care and mirrors the language in § 940.225(2)(b). The trial court noted that the State's proposed jury instructions were received at the initial final pretrial a month later, but the instructions were not discussed on the record. At the second final pretrial conference, the jury instructions were again not discussed on the record.

¶6      The matter proceeded to a jury trial in October 2016. During the jury selection process, the trial court read the preliminary jury instructions to the panel. As is relevant here, the trial court stated that for count one, Ruffin was alleged to have had sexual intercourse with V.P., without consent and causing injury, contrary to WIS. STAT. § 940.225(2)(b). However, when the trial court explained the elements of count one, it stated that Ruffin was alleged to have had sexual intercourse with V.P., without consent by use or threat of force or violence, contrary to § 940.225(2)(a).[5] Although the first two elements of second-degree

---

[5] More specifically, the trial court instructed the jury as follows:

> Second degree sexual assault, as defined in section 940.225(2)(a) of the Criminal Code of Wisconsin, is committed by one who has sexual intercourse with another person without consent and by use or threat of force or violence.

> Before you may find the defendant guilty of this offense, the State must prove by evidence which satisfies you, beyond a reasonable doubt, that the following three elements were present:

> One, the defendant had sexual intercourse with [V.P.]

(continued)

sexual assault by use or threat of force are the same—namely, sexual intercourse and lack of consent—the third element differs.

¶7      During the trial, Ruffin and V.P. testified that, when the baby awoke that morning, Ruffin used his foot to wake up V.P. so she could feed the baby, and V.P. went to prepare a bottle. V.P. testified that Ruffin was calling her names and yelling at her, and she threatened to leave. Ruffin testified that V.P. was "cussing" at him, and he decided to take a walk to avoid fighting with V.P. The dispute turned physical, with Ruffin and V.P. eventually falling on the bed. V.P. testified that Ruffin picked her up and threw her on the bed. She further testified that Ruffin had her pinned on the bed and, through her clothing, shoved his hand "right into [her] vagina, rip[ped] and pull[ed] out." Ruffin testified that V.P. tripped over the bed and pulled him down on top of her as she fell. Ruffin further testified that V.P. had him by the collar, had her legs wrapped tight around him, and to avoid hurting V.P. or the baby, he tried to push on her legs to move her off of him. He testified that V.P.'s labia tore while he was trying to push V.P.'s legs off him. However, he testified that he "didn't never think [he] was pushing her labia," and

---

Two, [V.P.] did not consent to the sexual intercourse.

Three, the defendant had sexual intercourse with [V.P.] by use or threat of force or violence. The use or threat of force or violence may occur before or as part of the sexual intercourse.

The phrase by use of force includes forcible sexual contact or force used as a means of making sexual contact.

Sexual intercourse means any intrusion, however slight by any part of a person's body or by any object into the genital or anal opening of another. Emission of semen is not required.

Did not consent means that [V.P.] did not freely agree to have sexual intercourse with the defendant.

5

he was trying to push on her thigh "to push her legs off from around" him. When the prosecutor asked Ruffin, "You said you did cause the injury?" Ruffin responded, "Yeah, trying to get her legs off me, yes." Nevertheless, he characterized V.P.'s resulting injury as an accident.

¶8 At the close of the State's evidence, Ruffin moved to dismiss the case because he argued that the evidence was insufficient to prove all elements of the charges beyond a reasonable doubt. Trial counsel stated Ruffin "never denie[d] being the cause of injury, but there [was] nothing indicating that that's what he intended." The trial court denied the motion.

¶9 At the jury instruction conference, trial counsel initially requested the self-defense instruction, arguing that Ruffin's actions "were designed to protect himself, the unborn child," and V.P. However, trial counsel later withdrew the request for self-defense stating he was "not sure it really fit[] the situation."

¶10 Trial counsel additionally requested the mistake or accident instruction and argued adamantly that either instruction was available because second-degree sexual assault was not a strict liability crime and, therefore, the State needed to prove Ruffin's intent. Trial counsel requested an accident instruction for both the sexual assault and mayhem counts, arguing that "the defendant [did] not deny, number one, causing the injury, but that it was an accident, it was not intentional." The State argued that a charge of second-degree sexual assault by sexual intercourse considers only a lack of the victim's consent, not the defendant's intent. The trial court granted Ruffin's request for an accident instruction for the mayhem charge, but it denied his request for the second-degree sexual assault charge. It found that the sexual assault charge did not have an intent element to which the accident instruction would apply.

6

¶11 At the end of the conference, the court reviewed the instructions and WIS JI—CRIMINAL 1208 was included. Neither party made an objection to the jury instructions. When the jury received its final instructions, the trial court correctly stated that Ruffin was charged with second-degree sexual assault, non-consensual sexual intercourse that "caused injury." However, when it described the elements of count one, it again incorrectly stated the third element was that the defendant had sexual intercourse with V.P., without consent "by the use of threat of force or violence."

¶12 The jury found Ruffin guilty of second-degree sexual assault, sexual intercourse without consent that caused injury, but not guilty of mayhem, with an intent to disfigure V.P. through mutilation of the labia. The trial court entered a judgment of guilty on the sexual assault charge.

¶13 Prior to sentencing, trial counsel informed the court that the jury had been instructed with the wrong jury instruction. The trial court had the parties submit briefs on how to handle the error. The State argued this was harmless error and Ruffin disagreed. At the hearing, trial counsel argued that Ruffin's defense was built around V.P.'s injuries being accidentally caused and not on a use of force charge. Trial counsel requested the court conform the information to the evidence at trial and amend the charge to third-degree sexual assault. The State moved for sentencing on the verdict. The trial court found that the cause of injury was proven at trial and the jury would have reached the same verdict if the correct jury instruction was given. The trial court found that giving the erroneous jury instruction was a harmless error, and the case proceeded to sentencing.

¶14 At the sentencing hearing, the trial court sentenced Ruffin to twelve years of imprisonment, bifurcated as eight years of initial confinement followed by

four years of extended supervision. Ruffin, by postconviction counsel, moved for postconviction relief pursuant to WIS. STAT. § 809.30(2)(h) to "vacate and dismiss" Ruffin's conviction for the second-degree sexual assault charge,[6] or alternatively, a new trial or a *Machner* hearing on his claim of ineffective assistance of counsel. The trial court denied Ruffin's postconviction motion without a hearing. This appeal follows.

## DISCUSSION

¶15 On appeal, Ruffin argues that the trial court erroneously instructed the jury on the sexual assault charge, that his trial counsel was ineffective for failing to object to the erroneous sexual assault instruction, and that because the jury was erroneously instructed, the interest of justice requires a new trial. He further argues that the trial court erred when it denied his request for the accident jury instruction for the sexual assault charge and that his trial counsel was ineffective for failing to provide authority to the trial court supporting the accident instruction. Lastly, he argues that his trial counsel was ineffective for withdrawing the request for the self-defense jury instruction for the sexual assault charge.

¶16 "A hearing on a postconviction motion is required only when the movant states sufficient material facts that, if true, would entitle the defendant to relief." *State v. Allen*, 2004 WI 106, ¶14, 274 Wis. 2d 568, 682 N.W.2d 433.

---

[6] We pause to note that Ruffin has requested relief in the form of a vacated conviction. On appeal Ruffin also asks for an order vacating the judgment of conviction and "issuance of a judgment of acquittal on the grounds that the incorrect substantive jury instruction was presented to the jury." He fails to develop the authority for us to grant him his requested relief for dismissal or acquittal, and even if we agreed with Ruffin regarding the erroneous sexual assault instruction, we would not be able to provide his requested relief without a developed legal basis to do so. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (rejecting undeveloped and unsupported arguments).

"[I]f the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief," the circuit court may deny a postconviction motion without a hearing. *Id.*, ¶9. We review the trial court's decision to deny an evidentiary hearing under the erroneous exercise of discretion standard. *See id.* Whether a motion alleges sufficient facts that, if true, would entitle the defendant to an evidentiary hearing presents a question of law that we review *de novo*. *See* ***State v. Bentley***, 201 Wis. 2d 303, 310, 548 N.W.2d 50 (1996). "[A] defendant should provide facts that allow the reviewing court to meaningfully assess his or her claim." ***Id.*** at 314. As stated in ***Allen***,

> postconviction motions [should] … allege the five "w's" and one "h"; that is, who, what, where, when, why, and how. A motion that alleges, within the four corners of the document itself, the kind of material factual objectivity ... will necessarily include sufficient material facts for reviewing courts to meaningfully assess a defendant's claim.

*Id.*, 274 Wis. 2d 568, ¶23 (footnote omitted).

### I. Ruffin waived his argument regarding the erroneous jury instruction

¶17 Ruffin argues that the erroneous jury instruction, in which the jury was instructed on sexual assault with use of force (WIS JI—CRIMINAL 1208) instead of sexual assault causing injury (WIS JI—CRIMINAL 1209) is not harmless error and that this court should reverse and remand for a new trial.

¶18 The State argues that Ruffin waived this argument by failing to object at the jury instructions conference held at the end of the trial. *See* WIS.

9

STAT. § 805.13(3)[7] ("Failure to object at the conference constitutes a waiver of any error in the proposed instructions or verdict.").[8]  Ruffin does not refute the State's waiver argument and, therefore, he concedes that he waived his argument. *See Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) (failing to refute an argument constitutes a concession).

¶19  Moreover, in *State v. Trammell*, 2019 WI 59, ¶17, 387 Wis. 2d 156, 928 N.W.2d 564, our supreme court addressed the issue of whether Trammell waived his objection to the use of a jury instruction by failing to object to it at the jury instruction and verdict conference, as required by WIS. STAT. § 805.13(3).  It concluded that Trammell failed to properly object to the jury instruction.  *Id.*, ¶19.  The court stated that this court correctly concluded its analysis ended with Trammell's waiver of his objection.  *Id.*, ¶25.  However, it went on to state, "As this court has stated, the court of appeals has no power to reach an unobjected-to jury instruction because the court of appeals lacks a discretionary power of review."  *Id.*  Thus, not only has Ruffin waived his objection to the jury instruction, this court has no power to reach his unobjected to jury instruction argument.

---

[7] Civil jury rules apply to criminal trials in general.  WIS. STAT. §§ 972.01, 972.10(5), 972.11(1).

[8] We note that the statute says "waiver," but we also note that in *State v. Ndina*, our supreme court clarified the distinction between the terms "forfeiture" and "waiver."  *See id.*, 2009 WI 21, ¶¶28-32, 315 Wis. 2d 653, 761 N.W.2d 612.  "Although cases sometimes use the words 'forfeiture' and 'waiver' interchangeably, the two words embody very different legal concepts. 'Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right.'"  *Id.*, ¶29 (citation omitted).  Forfeiture is the appropriate term to use in reference to trial counsel's failure to object in this instance.  We will use the language in the statute in this decision.

## II. Trial counsel was not ineffective for failing to object to the erroneous jury instruction

¶20 Ruffin argues that he received ineffective assistance of counsel as a result of trial counsel's failure to object to the erroneous jury instruction. He argues that his constitutional right to effective assistance of counsel was violated because trial counsel failed to notice that the wrong jury instruction had been put forward by the State from the beginning.

¶21 "Under the Sixth and Fourteenth Amendments to the United States Constitution, a criminal defendant is guaranteed the right to effective assistance of counsel." *State v. Balliette*, 2011 WI 79, ¶21, 336 Wis. 2d 358, 805 N.W.2d 334. A defendant must show two elements to establish that his or her counsel's assistance was constitutionally ineffective: (1) counsel's performance was deficient; and (2) the deficient performance resulted in prejudice to the defense. *Id.* "An ineffective assistance of counsel claim presents a mixed question of fact and law." *State v. Pico*, 2018 WI 66, ¶13, 382 Wis. 2d 273, 914 N.W.2d 95. "We will not reverse the circuit court's findings of fact unless they are clearly erroneous." *Id.* "We independently review, as a matter of law, whether those facts demonstrate ineffective assistance of counsel." *Id.*

¶22 We focus our inquiry on whether the fact that the trial court instructed the jury on the erroneous jury instruction prejudiced Ruffin. Prejudice occurs when the attorney's error is of such magnitude that there is a "reasonable probability" that but for the error the outcome would have been different. *State v. Erickson*, 227 Wis. 2d 758, 769, 596 N.W.2d 749 (1999). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (citations omitted). We

conclude that, despite the jury having received the wrong instruction, the record conclusively shows that there is no reasonable probability that the outcome would have been different had trial counsel objected and the jury received the correct instruction on the sexual assault charge.

¶23 A jury instruction "may be considered erroneous when it describes a theory of criminal culpability that was not presented to the jury or it omits a valid theory of criminal culpability that was presented to the jury." *State v. Williams*, 2015 WI 75, ¶6, 364 Wis. 2d 126, 867 N.W.2d 736. We review convictions under erroneous jury instructions for harmless error. *Id.*

¶24 We undertake a two-part analysis to determine whether an error in a jury instruction is harmless. *Id.*, ¶53. "First, was the jury instruction erroneous?" *Id.* Here, it is undisputed that the wrong jury instruction was used. The trial court admitted and the State concedes that the trial court instructed the jury with WIS JI—CRIMINAL 1208, instead of WIS JI—CRIMINAL 1209 and, therefore, erroneously instructed on one element of the sexual assault charge. "Second, is it clear beyond a reasonable doubt that the jury still would have convicted the defendant had the correct instruction been provided?" *Williams*, 364 Wis. 2d 126, ¶53.

¶25 To prove Ruffin guilty of second-degree sexual assault causing injury, as charged in the information, the State had to prove that (1) Ruffin had sexual intercourse with V.P.; (2) V.P. did not consent to the intercourse; and (3) Ruffin caused injury to V.P. *See* WIS JI—CRIMINAL 1209. As noted, the jury was instructed that to find Ruffin guilty, it must find that (1) Ruffin had sexual intercourse with V.P.; (2) V.P. did not consent to the intercourse; and (3) Ruffin had sexual intercourse with V.P. by use or threat of force. *See* WIS JI—CRIMINAL

1208. Given the similarity between the two jury instructions and the jury's finding Ruffin guilty under WIS JI—CRIMINAL 1208, the only question is whether it is clear beyond a reasonable doubt that the jury would have found Ruffin guilty of causing injury to V.P.

¶26 We agree with the trial court's conclusion that it was clear beyond a reasonable doubt that the jury would have still convicted Ruffin of sexual assault if the trial court gave the proper jury instruction. Had the jury been properly instructed, the third element would have been described as Ruffin caused injury to V.P. *See* WIS JI—CRIMINAL 1209. Ruffin did not deny causing the injury to V.P. Rather, in responding to a question from the prosecutor asking if he caused the injury to V.P., Ruffin testified, "Yeah, trying to get her legs off me, yes." Instead, Ruffin denied any intent to injure V.P., and he argued that V.P.'s injuries were the result of an accident, a mistake, or even self-defense. Moreover, while arguing for dismissal at the close of the State's evidence, trial counsel told the trial court that Ruffin "never denied being the cause of the injury, but there was nothing indicating that that's what he intended." Ruffin testified that he caused the injury to V.P. and the theory of defense was that it was an accident.

¶27 Ruffin further argues that his acquittal for the mayhem charge shows that the error in the sexual assault jury instruction was not harmless. He argues that his acquittal on the mayhem charge "illustrated that there was reason to believe that the jury may have found Mr. Ruffin not guilty of the sexual assault causing injury had it been properly instructed because the jury could have concluded V.P. was injured accidentally."

¶28 To be found guilty of mayhem, the State had to prove that (1) Ruffin cut or mutilated a body part of V.P.; (2) the cutting or mutilation caused V.P. great

13

bodily harm; and (3) Ruffin intended to disable or disfigure V.P. *See* WIS JI—CRIMINAL 1246. As noted above, Ruffin successfully advocated for the accident jury instruction related to mayhem.

¶29 The reason why the trial court granted Ruffin's request for the accident instruction for the mayhem charge is that the third element of the charge required the State to prove that Ruffin intended to disable or disfigure V.P. Therefore, if he did not intend to injure V.P. and the injury was accidentally caused, then Ruffin could not be found guilty. By contrast, as we discuss below, the State only needed to show that Ruffin caused injury to V.P. to be found guilty of the sexual assault charge. Thus, the fact that Ruffin was found not guilty of the mayhem charge does not show that the instruction on the sexual assault charge was not harmless.

¶30 We conclude that because the erroneous jury instruction constitutes harmless error, there is no reasonable probability that the outcome of the trial would have been different. Ruffin has failed to show prejudice and he is, therefore, not entitled to relief. *See **Bentley***, 201 Wis. 2d at 310.

### III. Ruffin is not entitled to a new trial in the interest of justice

¶31 Ruffin's final argument on the erroneous jury instruction is for a new trial in the interest of justice. Our statutory authority to grant a new trial in the interest of justice arises from WIS. STAT. § 752.35. "[A] new trial may be ordered in either of two ways: (1) whenever the real controversy has not been fully tried; or (2) whenever it is probable that justice has for any reason miscarried." ***State v. Cameron***, 2016 WI App 54, ¶30, 370 Wis. 2d 661, 885 N.W.2d 611 (citation omitted; alteration in original). Here, our examination of the record supports our

conclusion that the real controversy has been fully tried and that justice had not been miscarried.

¶32    "The power to grant a new trial in the interest of justice is to be exercised 'infrequently and judiciously.'" *State v. Avery*, 2013 WI 13, ¶38, 345 Wis. 2d 407, 826 N.W.2d 60 (citation omitted). To grant a new trial as a discretionary reversal in the interests of justice, we must analyze by what reasons "the case may be characterized as exceptional." *State v. McKellips*, 2016 WI 51, ¶52, 369 Wis. 2d 437, 881 N.W.2d 258. Ruffin fails to set forth reasons why his case is exceptional under the law. The State's evidence clearly established the third element of causing injury. Moreover, as we concluded above, the fact that the trial court gave the erroneous jury instruction was harmless error. Thus, we reject Ruffin's argument for a new trial in the interest of justice.

### IV.    The trial court properly denied Ruffin's request for an accident instruction and trial counsel's performance was not ineffective

¶33    Ruffin argues that the trial court erroneously exercised its discretion when it denied Ruffin's request for an accident instruction on the sexual assault charge. Additionally, Ruffin argues that his trial counsel was ineffective for failing to "pinpoint any legal authority" supporting the request for the accident instruction. We agree with the trial court that an accident instruction was not applicable. Therefore, we conclude that the denial was a reasonable exercise of discretion and trial counsel was not ineffective.

¶34    "As long as jury instructions fully and fairly inform the jury of the law applicable to the particular case, the trial court has discretion in deciding which instructions will be given." *State v. Mayhall*, 195 Wis. 2d 53, 57, 535

15

N.W.2d 473 (Ct. App. 1995). "A court errs when it refuses to give an instruction on an issue raised by the evidence." *State v. Peters*, 2002 WI App 243, ¶12, 258 Wis. 2d 148, 653 N.W.2d 300. We conclude that the trial court did not erroneously exercise its discretion in refusing the accident instruction.

¶35 "Accident is a defense that negatives intent, and may negative lesser mental elements." *State v. Watkins*, 2002 WI 101, ¶41, 255 Wis. 2d 265, 647 N.W.2d 244. However, second-degree sexual assault has no element of intent to which the accident instruction would apply. As noted above, for the second-degree sexual assault charge, the State had to prove: (1) Ruffin had sexual intercourse with V.P.; (2) V.P. did not consent to the sexual intercourse; and (3) Ruffin caused injury to V.P. *See* WIS. STAT. § 940.225(2)(b). The State argued at trial, during the instructions conference, and argues on appeal, that the issue as to this charge is the victim's consent, not the defendant's intent. We agree with the State.

¶36 "'Sexual intercourse' means any intrusion, however slight, by any part of a person's body or of any object, into the genital or anal opening of another. Emission of semen is not required." *See* WIS JI—CRIMINAL 1200B. "[T]he legislature defined sexual intercourse without any reference to intent or purpose, and instead, defined the acts that would constitute sexual intercourse." *State v. Neumann*, 179 Wis. 2d 687, 707, 508 N.W.2d 54 (Ct. App. 1993). Thus, in *Neumann*, we concluded "that the offense of second-degree sexual assault by sexual intercourse does not require proof of intent." *Id.* at 693.

¶37 Ruffin concedes that the trial court correctly found that intent is not an element of second-degree sexual assault by the definition of sexual intercourse. However, he argues that second-degree sexual assault still requires an affirmative

action by the defendant. He contends he did not take an affirmative action that falls within the statutory meaning. He relies on two child sexual assault cases in which the defendant asserted that she did not sexually assault the child victim—rather the child sexually assaulted her.[9] In each case the court explained that if the underlying conduct involved the child sexually assaulting the defendant, the defendant's conduct does not fall within the crime charged. This court explained that, pursuant to the statute, "in order for sexual intercourse, as defined, to occur, the defendant has to either affirmatively perform one of the actions on the victim, or instruct or direct the victim to perform one of them on him or herself." *State v. Olsen*, 2000 WI App 158, ¶10, 238 Wis. 2d 74, 616 N.W.2d 144. Therefore, the issue hinged on whether the activities defined as sexual intercourse were caused "by the defendant or upon the defendant's instruction." WIS. STAT. § 948.01(6).

¶38 Ruffin argues that these cases support an accident instruction, which would require the State to prove that Ruffin made an affirmative intrusion upon V.P.'s intimate parts in order to satisfy the elements of the sexual assault charge. We are not convinced. Ruffin was the actor in this case—unlike the defendants in *Olson* and *Lackershire*, Ruffin does not contend that V.P. sexually assaulted him. There is no analogous adaptation of the defendants' defense in *Olson* and *Lackershire* to Ruffin's situation here.

¶39 Ruffin further argues that if a person acts in a way that technically fulfills the requirements of sexual intercourse—here having his hand intrude into V.P.'s intimate areas or cause vulvar penetration—but he did so accidentally, he

---

[9] *State v. Lackershire*, 2007 WI 74, 301 Wis. 2d 418, 734 N.W.2d 23; *State v. Olson*, 2000 WI App 158, 238 Wis. 2d 74, 616 N.W.2d 144.

has not acted affirmatively to commit sexual intercourse. He asserts that an accident instruction is not only applicable to negate intent but can be used to negate lesser mental states. *See Watkins*, 255 Wis. 2d 265, ¶41. We conclude that *Watkins* is inapplicable here. *Watkins* stated that "[a]ccident is a defense that negatives intent, and may negative lesser mental elements." *Id.* However, Ruffin fails to identify *any* mental element that is required for second-degree sexual assault by sexual intercourse.[10]

¶40 Ruffin argues in the alternative that trial counsel was ineffective for failing to "pinpoint any legal authority" to support his request for the accident jury instruction for the sexual assault charge. Having concluded that Ruffin was not entitled to the accident instruction, "[w]e would be hard pressed to conclude that [trial] counsel performed deficiently in failing to request a jury instruction to an invalid defense." *State v. Dundon*, 226 Wis. 2d 654, 676, 594 N.W.2d 780 (1999). We conclude that trial counsel was not ineffective.

### V. Ruffin alleges sufficient material facts that entitle him to a *Machner* hearing regarding his claim that trial counsel was ineffective for withdrawing the self-defense instruction

¶41 Finally, Ruffin argues that trial counsel provided ineffective assistance of counsel when he withdrew the request for a self-defense instruction on the sexual assault charge. Ruffin sought a hearing on his postconviction motion alleging ineffective assistance of counsel. However, a defendant's claim

---

[10] We note that, in contrast, where the charge is sexual assault by sexual contact that the State must prove the mental element that the defendant acted with the intent to become sexually aroused or gratified or acted with the intent to sexually degrade or humiliate the victim.

that counsel provided ineffective assistance does not automatically trigger a right to an evidentiary hearing.[11] ***Allen***, 274 Wis. 2d 568, ¶10.  In determining whether Ruffin is entitled to an evidentiary hearing, we accept as true the facts alleged in the postconviction motion.  *See **Bentley***, 201 Wis. 2d at 309.

¶42     Here, the question is whether Ruffin has alleged facts, which, if true, would entitle him to an evidentiary hearing.  We conclude that Ruffin has alleged sufficient facts in his postconviction motion that his trial counsel was ineffective for withdrawing his request for the self-defense instruction and is, therefore, entitled to a ***Machner*** hearing addressing his claim.

¶43     In his postconviction motion, Ruffin alleges that trial counsel requested a self-defense jury instruction, but withdrew the request despite there being sufficient evidence in the record to support the self-defense instruction.  He then alleges that the following facts support the self-defense instruction:  (1) V.P. was attacking him and she refused to let go; (2) V.P.'s attack was an unlawful interference with his person; (3) he pushed V.P. between her legs to disengage her legs from around his body and stop her from attacking him; (4) he was only trying to remove V.P. from his body during a fast-moving altercation; (5) he was trying to protect her pregnant belly from his hands or weight by pushing on her legs instead of anywhere else; and (6) he did not intend to harm V.P.

¶44     Self-defense is a defense to criminal liability in which "[a] person is privileged to threaten or intentionally use force against another for the purpose of preventing or terminating what the person reasonably believes to be an unlawful

---

[11]  We set forth the standard for when a defendant is entitled to an evidentiary hearing on his or her postconviction hearing in *supra*, ¶16 of this decision.

interference with his or her person by such other person." WIS. STAT. § 939.48(1). A proponent of a self-defense instruction has the burden of persuasion and must come forward with "some evidence" to support the defense. *State v. Head*, 2002 WI 99, ¶¶111-12, 255 Wis. 2d 194, 648 N.W.2d 413. The burden to come forward with "some evidence" is met even if the evidence may be "'weak, insufficient, inconsistent, or of doubtful credibility' or 'slight.'" *State v. Stietz*, 2017 WI 58, ¶17, 375 Wis. 2d 572, 895 N.W.2d 796 (citations omitted). The question of the reasonableness of the defendant's actions and beliefs, under a theory of self-defense, is within the province of the jury. *Id.*, ¶18.

¶45 As noted earlier, in determining whether Ruffin is entitled to an evidentiary hearing, we must accept as true Ruffin's facts as alleged in his postconviction motion. *See Allen*, 274 Wis. 2d 568, ¶14. Ruffin alleged in his motion that the facts introduced at trial supported the self-defense instruction. He alleged that V.P. was attacking him and his decision to push on what he thought were V.P.'s legs was a reasonable action, given that he did not want to put his weight on V.P. and possibly harm V.P. and their unborn child. Ruffin additionally alleges that, given the amount of evidence supporting his claim of self-defense, there could have been no strategic reason for his trial counsel to withdraw a request for a self-defense instruction.[12]

¶46 Ruffin further alleges in his postconviction motion that he was prejudiced by his trial counsel's decision to withdraw the request for the self-

---

[12] We note that in his postconviction motion and in his opening brief, Ruffin argues that his intended defense was self-defense and that pursuant to *McCoy v. Louisiana*, 584 U.S. ___, 138 S. Ct. 1500 (2018), trial counsel cannot override Ruffin's autonomy to "his objective defense"—self-defense. The postconviction court did not address this argument in its decision, and the State does not address it on appeal. This issue will need to be addressed on remand.

defense instruction. Ruffin contends that his entire defense centered on his actions being taken in self-defense and accidentally causing V.P.'s injury. Without receiving the self-defense instruction, Ruffin claims that the jury never had the chance to consider his only defense when there was sufficient evidence introduced at trial to support the instruction.[13]

¶47 The question before us is whether Ruffin has alleged sufficient material facts which, if true, would entitle him to an evidentiary hearing on whether trial counsel's performance was deficient and whether Ruffin was prejudiced thereby. We conclude that Ruffin's motion entitles him to an evidentiary hearing on whether trial counsel was ineffective in withdrawing his request for a self-defense instruction. To be clear, this court is neither concluding that trial counsel's performance was deficient nor that Ruffin suffered any prejudice. *See State v. Sholar*, 2018 WI 53, ¶53, 381 Wis. 2d 560, 912 N.W.2d 89 ("A *Machner* hearing is required before a court may conclude a defendant received ineffective assistance."). We are merely concluding that Ruffin alleged sufficient facts to entitle him to a *Machner* hearing. Upon remand, the next step is a postconviction evidentiary hearing that should address both deficient performance and prejudice as related to Ruffin's claim of ineffective assistance of counsel as it relates to the withdrawn request for the self-defense instruction.

---

[13] We note that during the State's cross-examination of Ruffin, the prosecutor asked Ruffin, "If you don't know your own strength, if this injury required such force to tear skin," when trial counsel objected stating that "[t]here's had been no testimony or evidence as to how much force is required." The trial court sustained the objection stating, "Correct." In his reply brief, Ruffin notes that there are no facts in the record describing the type or amount of force that was necessary to have caused V.P.'s injury. That issue will also need to be addressed on remand.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded with directions.

Not recommended for publication in the official reports.

No. 2019AP1046-CR(CD)

¶48 WHITE, J. (*concurring in part; dissenting in part*). I, too, would affirm Ruffin's judgment of conviction and the trial court's denial of Ruffin's postconviction motion on erroneous jury instructions, the accident jury instruction, and ineffective assistance of counsel. I join in that portion of the opinion. Majority, ¶¶17-40. I dissent on the Majority's conclusion that Ruffin is entitled to a *Machner* hearing on ineffective assistance of counsel because trial counsel withdrew the request for a self-defense jury instruction.[1]

¶49 Although I question whether Ruffin overcame the low bar of "some evidence" to be entitled to request the self-defense jury instruction, my ultimate conclusion is trial counsel's failure to request a self-defense instruction did not prejudice Ruffin. I conclude this failure was harmless error because "it is clear beyond a reasonable doubt that a rational jury would have come to the same conclusion" if the self-defense instruction had been given, and "it is clear beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *State v. Stietz*, 2017 WI 58, ¶63, 375 Wis. 2d 572, 895 N.W.2d 796.

---

[1] The Majority contends that on remand, the trial court will need to address Ruffin's assertion that trial counsel could not override Ruffin's autonomy to assert self-defense pursuant to *McCoy v. Louisiana*, 138 S. Ct. 1500, 1509 (2018). *See* Majority, ¶45 n.11. I disagree that this case is applicable. The factual scenario and the dynamic between the defendant and counsel in Ruffin's case is entirely distinguishable from *McCoy*. The defendant in *McCoy* made an "intransigent and unambiguous objection" to counsel's defense strategy before and during the trial, even going so far as attempting to terminate his counsel's representation. *Id.* at 1507. Here, there is no evidence in the record that trial counsel refused to follow Ruffin's requests with regards to defense strategy or a self-defense instruction or that Ruffin made his dissatisfaction known in any way to the trial court.

¶50    The Majority opinion capably reviews the evidence presented at trial that the State proved beyond a reasonable doubt that Ruffin committed the three elements of second-degree sexual assault. Majority, ¶¶3, 6-7. I disagree with the Majority's characterization of Ruffin's "some evidence" in support of the self-defense theory. Majority, ¶¶43-45. As the State argued, I believe there is insufficient evidence that Ruffin acted in self-defense. Reviewing Ruffin's testimony about the events before the altercation showed that Ruffin wanted to stop V.P. from "fussing" and he threatened to call "the social workers" on V.P. He testified that he hoped that threatening V.P. would "maybe quiet her down, just to threaten her hey, if you don't stop, I'm threatening to call." In contrast, there is nothing in the record that Ruffin tried non-physical means to try to stop V.P. during the altercation—he never told V.P. to get off of him or to let go of him. Ruffin's testimony about the altercation included that he pushed V.P. off of him and he tried to avoid landing on V.P. and her pregnant belly by putting his arm out on the bed. Under any view of the facts, the force Ruffin used was not proportionate to the manner of threat he encountered. I do not believe any jury would conclude that Ruffin's testimony showed he believed his actions that caused V.P.'s injury were necessary for his self-defense. *See **Day v. State***, 55 Wis. 2d 756, 760, 201 N.W.2d 42 (1972).

¶51    Moreover, I believe Ruffin's theory of defense is antithetical to Wisconsin law on self-defense. "One exercising the privilege of self-defense intends to use force or to threaten force against another for the purpose of self-defense." ***Thomas v. State***, 53 Wis. 2d 483, 488, 192 N.W.2d 864 (1972). Ruffin's testimony does not establish that his use of force against V.P. was

intentional and necessary, even in the light most favorable to Ruffin's claims. *See State v. Johnnies*, 76 Wis. 2d 578, 584, 251 N.W.2d 807 (1977).[2] Ruffin testified repeatedly that he did not intend to hurt V.P. and tried to argue that V.P.'s injury occurred accidentally. Trial counsel put forward multiple theories of defense based on Ruffin's lack of intent to harm V.P. This argument is unfortunately a poor fit for a self-defense claim. Ruffin's testimony that he put his arm out to stop his fall was an intentional action to defend himself and protect V.P. and her pregnant belly, but that was not the cause of her injury. Ruffin's testimony does not reflect a similar intention when he pushed V.P. in the vaginal area or that pushing her was necessary to stop her interference.

¶52 It defies common sense that during a physical altercation between a pregnant woman and a man nearly a foot taller and more than one hundred pounds heavier than she, that there was a reasonable basis for Ruffin's use of force. *See State v. Brown*, 107 Wis. 2d 44, 54, 318 N.W.2d 370 (1982) ("The privilege of self-defense rests upon the need to allow a person to protect himself or herself or another from real or perceived harm when there is no time to resort to the law for

---

[2] As our supreme court explained in a case over a shooting during a heated exchange outside of a bar:

> Defendant's version of the circumstances under which the gun discharged does not show that she sought to exercise the privilege of self-defense. The defendant testified that the gun fired because they were struggling over it, that she did not point the gun at the deceased, that she could not remember pulling the trigger, and that she had no idea the gun would ever be fired.… [T]he defendant's testimony, rather than supporting her argument of self-defense, tends to show the firing of the gun was unintentional or accidental. The defendant's testimony cannot, under any reasonable view, establish that she shot the defendant believing that use of force was necessary in self-defense.

*State v. Johnnies*, 76 Wis. 2d 578, 584, 251 N.W.2d 807 (1977).

3

protection."). In Wisconsin, "a defendant is not entitled to have the jury consider a theory of self-defense when there is no evidence to support it." *State v. Nollie*, 2002 WI 4, ¶20, 249 Wis. 2d 538, 638 N.W.2d 280. A jury instruction for self defense cannot be "based upon mere conjecture." *See Ross v. State*, 61 Wis. 2d 160, 172, 211 N.W.2d 827 (1973). I disagree that Ruffin pushing V.P. between her legs can be characterized as defensive action without inviting the jury to engage in speculation.

¶53 The Majority concluded only that Ruffin alleged sufficient material facts to be entitled to a *Machner* hearing. *See State v. Allen*, 2004 WI 106, ¶14, 274 Wis. 2d 568, 682 N.W.2d 433. In contrast, I conclude that the record conclusively demonstrates that Ruffin is not entitled to relief. *Id.*, ¶9. There is no view of the evidence under which the jury could have found Ruffin's use of force was reasonably made in self-defense, and there is no reasonable probability that the jury would have returned a different verdict had it been instructed on self-defense. Therefore, I believe that trial counsel's failure to request the self-defense jury instruction was harmless error. Because I conclude that the trial court properly exercised its discretion when it denied Ruffin's postconviction motion without a hearing, I respectfully dissent from that portion of the Majority opinion.